24CA0392 Peo v Peterson 08-13-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0392
Mesa County District Court No. 19CR2059
Honorable Gretchen B. Larson, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Kevin Ratter Peterson,

Defendant-Appellant.

ORDER AFFIRMED

Division I
Opinion by JUDGE J. JONES
Fox and Dunn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 13, 2026

Philip J. Weiser, Attorney General, Claire V. Collins, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, John Plimpton, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Kevin Ratter Peterson, appeals the postconviction court's order denying his pro se Crim. P. 35(c) motion without appointing counsel or holding an evidentiary hearing.  We affirm.

## I.     Background

¶ 2     Peterson, then twenty-seven years old, met with the victim, a fourteen-year-old girl, after engaging in sexually explicit conversations with her online and by text message.  He gave her alcohol and then sexually assaulted her.  The victim reported significant pain, and a sexual assault nurse examination (SANE) revealed genital and anal injuries and bruises on her arms and legs.

¶ 3     The People charged Peterson with second degree kidnapping, enticement of a child, sexual assault on a child, contributing to the delinquency of a minor, sexual exploitation of a child, and two crime of violence sentence enhancers.  Pursuant to a plea agreement, Peterson pleaded guilty to count 2, enticement of a child, and count 3, sexual assault on a child.  The remaining counts were dismissed.  The district court sentenced Peterson in accordance with his plea agreement to an indeterminate term of eight years to life in the custody of the Department of Corrections

on count 2, and a concurrent sentence of six years to life on count 3.

¶ 4      Peterson then filed a Motion to Withdraw Plea Pursuant to Crim. P. 35(c).  In a thorough written order, the postconviction court denied his motion without conducting a hearing or forwarding the motion to the Public Defender.

## II.      Crim. P. 35(c) and Standard of Review

¶ 5      "[A] challenge to a conviction based on a guilty plea is usually limited to whether the plea was knowing, voluntary, and intelligent."  *Sanchez-Martinez v. People*, 250 P.3d 1248, 1255 (Colo. 2011).  A challenge to the validity of a defendant's plea is properly brought under Crim. P. 35(c).  *People v. Rockwell*, 125 P.3d 410, 414 (Colo. 2005).

¶ 6      A defendant need not set forth the evidentiary support for his allegations in a Crim. P. 35 motion but instead need only assert facts that if true would provide a basis for relief.  *White v. Denv. Dist. Ct.*, 766 P.2d 632, 635 (Colo. 1988).  The court may deny a Crim. P. 35(c) motion for postconviction relief without conducting an evidentiary hearing only where the motion, files, and record clearly establish that the defendant's allegations are without merit

and don't warrant relief. *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003). Ultimately, if the defendant alleges sufficient facts that, if true, may warrant relief, the court must conduct an evidentiary hearing. *People v. Simpson*, 69 P.3d 79, 81 (Colo. 2003).

¶ 7 Also, if a defendant's pro se Crim. P. 35(c) petition presents at least one potentially meritorious claim and the defendant requested counsel, the postconviction court must serve a "complete copy" of the petition on the Public Defender's Office, which "shall identify whether any conflict exists, request any additional time needed to investigate, and add any claims the Public Defender finds to have arguable merit." Crim. P. 35(c)(3)(V). Any limited right to postconviction counsel is triggered only if the motion survives the postconviction court's initial review under Crim. P. 35(c)(3)(IV). *See People v. Higgins*, 2017 COA 57, ¶ 15 ("[T]he event that triggers a district court's duty to comply with Crim. P. 35(c)(3)(V)'s procedure is its decision not to summarily deny the defendant's motion.").

¶ 8 We review a postconviction court's summary denial of a motion for postconviction relief de novo. *People v. Nozolino*, 2023 COA 39, ¶ 7.

3

### III.  Ineffective Assistance of Counsel

¶ 9　Peterson contends that he is entitled to a hearing on his claim that plea counsel provided ineffective assistance by failing to consult with an expert regarding the SANE report and that the court was required to forward his motion to the Public Defender. We disagree.

### A.  Applicable Law

¶ 10　A defendant "may challenge his guilty plea on the grounds of ineffective assistance of counsel when that challenge goes to the issue of whether the plea was knowingly, voluntarily, and intelligently entered." *People v. Stovall*, 2012 COA 7M, ¶ 13.  To establish a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, meaning "counsel's representation fell below an objective standard of reasonableness"; and (2) counsel's deficient performance prejudiced him.  *Townsell v. People*, 2026 CO 11M, ¶ 28 (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).  A court may deny an ineffective assistance claim without conducting a hearing if the defendant's allegations fail to satisfy either prong of the *Strickland* test.  *Ardolino*, 69 P.3d at 77.

## B.     Analysis

¶ 11     Peterson speculates that an expert would have opined that the injuries documented in the SANE report were either not caused by him or were the "result of normal consensual sexual intercourse." Thus, he says, consultation with an expert "would have generated reasonable optimism" that a jury would have acquitted him of the "bodily injury" sentence enhancer. *See* § 18-3-305(1)-(2), C.R.S. 2025 (elevating enticement of a child from a class 4 to a class 3 felony if it resulted in bodily injury to the child).

¶ 12     The bodily injury element applied to only three of Peterson's seven original charges — enticement of a child and the two crime of violence sentence enhancers. Even so, the record reveals that counsel requested discovery of the SANE report and discussed the possibility of hiring a SANE expert with Peterson. After a review of the SANE report, counsel ultimately advised "to not have the SANE exam further investigated." *See Ardolino*, 69 P.3d at 76 ("Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable . . . .").

¶ 13     Moreover, Peterson's motion doesn't allege a factual basis for his conclusory statements regarding the cause of the victim's

injuries and doesn't identify an expert who would have opined consistent with his arguments. *See People v. Aguilar*, 2012 COA 181, ¶ 12 (the defendant wasn't entitled to a hearing on his "facially speculative" claim that an expert could have contradicted the prosecution's evidence).

¶ 14 Even had counsel consulted with a SANE expert, the record contains evidence independent of the SANE report establishing bodily injury. The victim reported to law enforcement that she told Peterson that "it hurt" and that she experienced significant pain. That is enough to establish bodily injury, *see* § 18-1-901(3)(c), C.R.S. 2025 (Bodily injury means "physical pain, illness, or any impairment of physical or mental condition."), and isn't something an expert could have contradicted.

¶ 15 Accordingly, Peterson hasn't alleged facts demonstrating that counsel's failure to consult with an expert constituted deficient performance. Because he hasn't met the first prong of *Strickland*, we don't address the prejudice prong. *See Strickland*, 466 U.S. at 697.

IV.    Knowing and Intelligent Plea

¶ 16    Peterson argues that his guilty plea to sex assault on a child wasn't knowing and intelligent, and was therefore constitutionally invalid, because his counsel, the district court, and the prosecution misadvised him that he didn't need to know that the victim was under fifteen years of age.  Similarly, Peterson argues that counsel provided ineffective assistance, and his guilty plea to enticement was thus not knowing and intelligent, because counsel erroneously advised him that he didn't need to know that the victim was under fifteen years of age to be guilty of enticement.  Peterson acknowledges case law holding that sexual assault on a child and enticement of a child impose strict liability as to the victim's age, but he argues that the case law was wrongly decided.  We discern no basis for reversal.

A.    Applicable Law

¶ 17    To be constitutionally valid, a defendant must enter a guilty plea knowingly, intelligently, and voluntarily.  *Sanchez-Martinez*, 250 P.3d at 1255.  Due process is satisfied if the record affirmatively demonstrates that the defendant understood the critical elements of the crimes to which he pleaded guilty,

7

particularly any mental state element.  *People v. Stephens*, 837 P.2d 231, 234-35 (Colo. App. 1992).

¶ 18     "If the criminality of conduct depends on a child being younger than fifteen years of age, it shall be no defense that the defendant did not know the child's age or that the defendant reasonably believed the child to be fifteen years of age or older."  § 18-1-503.5(3), C.R.S. 2025.  The sexual assault charge included as an element that the victim was "less than fifteen years of age and the actor [was] at least four years older than the victim."  § 18-3-405(1), C.R.S. 2025.  Similarly, enticement of a child included as an element that the victim was "a child under the age of fifteen years."  *See* § 18-3-305(1).

¶ 19     Interpreting these provisions, divisions of this court have held that the culpable mental state of "knowingly" doesn't apply to the victim's age and that therefore "such crimes are strict liability offenses as to that element."  *People v. Hastings*, 983 P.2d 78, 80-81 (Colo. App. 1998), *aff'd sub nom. Gorman v. People*, 19 P.3d 662, 665-68 (Colo. 2000); *see also People v. Salazar*, 920 P.2d 893, 895-96 (Colo. App. 1996) (the culpable mental state of "knowingly" in sexual assault on a child applies only to the defendant's conduct);

8

*People v. Grizzle*, 140 P.3d 224, 226 (Colo. App. 2006) ("When the object of an attempt to sexually assault or entice is an existing person under the age of fifteen years, the belief that the person is over the age of fifteen years is irrelevant.").

B.    Analysis

¶ 20    The victim was fourteen years old at the time of the offense, so Peterson wouldn't have been able to assert a mistaken-belief-of-age defense at trial; his belief that the victim was over the age of fifteen years was irrelevant. *See id.* Thus, the district court and counsel correctly advised Peterson that the "knowingly" element of sexual assault of a child and enticement of a child didn't apply to the age of the victim.

¶ 21    Nonetheless, Peterson contends that, based on the Colorado Supreme Court's decision in *People v. Ross*, 2021 CO 9, the reasoning of *Hastings*, *Salazar*, and *Grizzle* has been called into question. But *Ross* addressed the crime of soliciting for child prostitution and did not overrule, or even discuss, *Hastings*, *Salazar*, and *Grizzle*. *See* § 18-7-402, C.R.S. 2025. And *Ross* involved a statute that has materially different language than that of the statutes defining Peterson's offenses.

9

¶ 22    Even assuming, without deciding, that Peterson could have made a meritorious argument that the holding in *Ross* could be extended to overturn *Hastings*, *Salazar*, and *Grizzle*, the court and plea counsel appropriately relied on these cases as binding precedent when they advised Peterson that "knowingly" didn't apply to the victim's age.  And plea counsel didn't provide deficient performance by so advising him.  *See People v. Houser*, 2020 COA 128, ¶¶ 33, 37-38 (counsel's failure to advance novel legal arguments that are unsupported by the then-existing precedent or failure to argue for an extension of precedent aren't deficient performance).

¶ 23    Thus, even assuming Peterson's contention regarding *Ross*'s application to sexual assault of a child and enticement of a child has arguable merit, his assertion that he was incorrectly advised by court and counsel doesn't.

## V.    Conclusion

¶ 24    Because none of Peterson's claims had "arguable merit," the postconviction court correctly denied his motion summarily.  And if a court summarily denies a postconviction motion, it isn't required

10

to refer the motion to the Public Defender.  *See People v. Segura,* 2024 CO 70, ¶ 7.

## VI.    Disposition

¶ 25    The order is affirmed.

JUDGE FOX and JUDGE DUNN concur.